GILCHRIST-FORDNEY Co. *v*. PRICE.

[72 South. 836.]

NEGLIGENCE. *Question for jury. Peremptory instruction.*

In an action for personal injury alleged to have been caused by the negligence of the defendant where the fact as to whether or not defendant was guilty of negligence was disputed, the case should have gone to the jury.

APPEAL from the circuit court of Jasper county.

HON. W. H. HUGHES, Judge.

Suit by Mathew Price against the Gilchrist-Fordney Company. From a judgment for plaintiff on peremptory instruction, defendant appeals.

Appellee, plaintiff in the court below, brought an action for damages against the appellant for two thousand dollars for alleged injuries received by him by reason of his coming in contact with a telephone wire of the appellant, which was strung on a line of poles along the right of way of appellant's logging road, and which it is alleged had negligently become suspended across the road at a height of only about six feet, so that the plaintiff, who was riding horseback, came in contact with the wire and received the alleged injuries for which he sued. · The court granted a peremptory instruction for the plaintiff, and the jury returned a verdict of eighty dollars. On appeal it is contended that the evidence raises a question of doubt as to whether there was any negligence on the part of the defendant, and in this state of the case the question of liability should have been submitted to the jury.

*Stone Deavours,* for appellant.

HOLDEN, J., delivered the opinion of the court.

The evidence in the lower court, as disclosed by the record in this case, presented a question of fact as to whether or not the appellant was guilty of negligence, and this question of fact should have been submitted to the jury for their determination. Therefore the peremptory instruction granted to the appellee by the court below, instructing the jury to find for the plaintiff, was error.

The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*